by striking out the words " with costs to appellants to abide the event " and inserting in place thereof the words " with ten dollars costs and disbursements to appellants to abide the event of trial." Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

MENDELSON-SILVERMAN, INC., Landlord, Respondent, v. MALCO TRADING CORPORATION, Tenant, Appellant; " JOHN DOE," Name Being Fictitious, Party Intended Being the Tenant in Possession of Delicatessen Store in Premises 1620 Kings Highway, and Others, Undertenants.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. The usual undertaking should be given. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ. [See 238 App. Div. 852.]

CHARLES MULLER, Appellant, v. WILLIAM J. McBRIDE, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

PATCHOGUE FIELD CLUB, INC., Respondent, v. JAMES 1. DAVIS, Appellant, and ALICE E. DAVIS, His Wife, Defendant.— Motion for reargument of motion to resettle order denied. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

PELL & TIBBITS, INC., Respondent, v. DEAN BEDFORD, Appellant; SPENCER O. SHOTTER and Another, Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GRACE A. GELTNER, Appellant, v. LORETTA CAVANAGH, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

MARIE SCHROEDER, Appellant, v. THEODORE SCHROEDER, Respondent.— Upon stipulation appeal dismissed, without costs. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

MARGARET S. SEAMANS, Respondent, v. GULF REFINING COMPANY, Appellant.— Motions of the plaintiff and the defendant to amend the order granted in part as follows: 1. To recite the fact that two of the justices dissented in part. 2. That two additional findings of fact be made as follows: That plaintiff at present has suffered only nominal damages by reason of the erection and maintenance of defendant's two-story brick warehouse,— a portion of which encroaches on Industrial place. The removal of that part of defendant's said warehouse which encroaches upon Industrial place would subject the defendant to a very large expense without any present benefit to plaintiff — the erection and maintenance of said warehouse being without practical intrusion on the present rights of plaintiff. 3. As a conclusion of law: That the ultimate rights of the plaintiff in the street known as Industrial place, or other streets on the map, and her right to an injunction and damages are not now determined, but that she shall have leave to apply at any time on the foot of the judgment, upon circumstances showing a substantial interference with her rights as the owner of improved property or property about to be improved on Columbus avenue, for damages or for an injunction as the court may direct; or at her election that plaintiff may bring a separate action for such other relief as she may be advised on account of any injury to or interference with her rights as an improved property owner